## (November 23, 1938.)

SIDNEY ORSECK and ISRAEL ORSECK, Appellants, v. MONARCH OIL COMPANY, INC., MAX SCHNUR and ANNA SCHNUR, Respondents. MAX SCHNUR and ANNA SCHNUR, Copartners Doing Business as MAX SCHNUR COMPANY, Respondents, v. SIDNEY ORSECK, ISRAEL ORSECK, GEORGE ORSECK and ABRAHAM ORSECK, Copartners Doing Business as ORSECK BOYS, Appellants. SIDNEY ORSECK and ISRAEL ORSECK, Appellants, v. MONARCH OIL COMPANY, INC., MAX SCHNUR and ANNA SCHNUR, Respondents.— These are appeals from two orders of Special Terms of the Supreme Court, respectively entered in the Sullivan county clerk's office on November 10, 1938, and from a judgment dismissing the amended complaint in the Orseck v. Monarch Oil Company, Inc. (Schnur) action, entered in said clerk's office on November 10, 1938. The first order denied a motion by the plaintiffs Orseck in the first above-entitled action and the defendants in the second above-entitled action to consolidate those two actions and to change the place of trial of the Schnur v. Orseck action from New York to Sullivan county. The second order granted defendants' motion to dismiss the amended complaint in the Orseck v. Monarch Oil Company, Inc. (Schnur) action upon the ground that it did not state facts sufficient to constitute a cause of action. The judgment appealed from is the judgment entered on this latter order. The amended complaint in the Orseck v. Monarch Oil Company, Inc. (Schnur) action was before

this court and its sufficiency necessarily passed upon on the previous appeal from an order appointing a receiver *pendente lite.* (*Orseck* v. *Monarch Oil Company, Inc., ante,* p. 744.) The order dismissing this amended complaint and the judgment entered thereon must be reversed and the motion denied. The dismissal of this amended complaint was assigned by the Special Term as the controlling reason for denying the motion for consolidation and change of venue. This reason no longer exists because of the reversal of such order of dismissal. Respondents Schnur contend that they are entitled to a jury trial of their cause of action and appellants Orseck have met this objection by stipulating to such trial in Sullivan county. The matters at issue between these parties should all be heard and determined at one time. This will make for a speedy final determination of all the questions in both actions. The order for consolidation and change of venue should have been granted. Order dismissing the amended complaint and judgment entered thereon reversed on the law, with twenty-five dollars costs and disbursements, and motion denied, with ten dollars costs. Order denying motion for consolidation and change of place of trial reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.